Case 3:99-cr-00244-JBA   Document 147   Filed 08/09/21   Page 1 of 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEROME SUGGS | Criminal No. 3:99cr244 (JBA)<br><br>August 9, 2021 |

**ORDER DENYING THE GOVERNMENT'S MOTION FOR PARTIAL RECONSIDERATION**

On June 28, 2021, this Court granted Defendant Jerome Suggs's Motion for Sentencing Relief [Doc. # 140], reducing his lifetime sentence to 360 months "[a]fter thorough consideration of the § 3553(a) factors, including Defendant's twenty-two years of incarceration to date on this conviction, Defendant's remorseful and positive attitude, exemplary disciplinary history, and assiduous rehabilitative efforts and consideration of Defendant's serious health issues during the COVID-19 pandemic." (Ruling Granting in part Def.'s Mot. for Sentencing Relief [Doc. # 140] at 18.)

The Government has timely filed this Motion for Partial Reconsideration [Doc. # 141], arguing that new data about the effectiveness of the Pfizer vaccine, the CDC's research regarding breakthrough infections, and the decrease in cases at the FCI Otisville facility where Defendant is housed constitute new evidence worthy of reconsideration. (Gov't's Mot. for Partial Reconsideration [Doc. # 141] at 2-3.) Defendant objects, maintaining that the motion is procedurally flawed as this information was available to the Court when it reduced Mr. Suggs's sentence, and that new data by the CDC actually affirms the Court's foresight in recognizing the continued risk of COVID-19 to incarcerated individuals despite the vaccines.

1

Motions for reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. L. R. 7(c). The Government "does not seek reconsideration of the[] remaining factors [upon which the Court relied,] or the Court's ultimate reduction of Suggs's term of imprisonment from life to 360 months" as "it recognizes the Court's broad discretion under *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020)" to determine whether extraordinary and compelling circumstances exist warranting relief under the First Step Act. As the Government does not challenge the conclusion of the Court nor argue that it abused its discretion in granting Defendant's motion, the Government's Motion for Partial Reconsideration[1] is [Doc. # 141] DENIED.[2]

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of August 2021.

---

[1] Its reflections noting the evolving research on the degree of possible susceptibility to the COVID-19 Delta variant of vaccinated inmates is not such as to reasonably be expected to alter the Court's overall conclusion.

[2] Even if the Court were to partially reconsider its reasoning, the recent uptick in cases of the Delta variant confirm that COVID-19 still presents a significant, albeit reduced, risk to the general population even among those who are vaccinated. CDC, *Outbreak of SARS-CoV-2 Infections, Including COVID-19 Vaccine Breakthrough Infections, Associated with Large Public Gatherings – Barnstable County, Massachusetts*, *July 2021* (Jul. 30, 2021). That risk is heightened when an individual has a preexisting condition, like the cardiovascular disease that Defendant suffers from, and if a person lives in a congregate setting, like prison. *Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021). Thus, science indicates that Mr. Suggs's risk of severe disease may actually turn out to be greater than the Court understood when it initially granted his motion.