UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Crim. No. 3:99-cr-244 (JBA) |
|---|---|
| v. | |
| JEROME SUGGS | August 3, 2023 |

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE TO TIME SERVED**

On June 29, 2023, Jerome Suggs, through counsel, filed his second Motion for Sentence Reduction [Doc. # 151] under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603 of the First Step Act of 2018 Pub. L. 115-391, 132 Stat. 5194 (2018), and which provides that:

> the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although incarcerated persons previously could seek compassionate release only from the BOP, the First Step Act of 2018 permits federal prisoners to seek relief from the federal courts upon exhaustion of administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A).

In June 2021, the Court granted Mr. Suggs' first motion for a sentence reduction, reducing two consecutive life sentences to 360 months. Since then, Mr. Suggs' health and medical condition has seriously deteriorated, requiring frequent and careful attention which the BOP appears challenged to deliver. Dr. Brooks M. Walsh, Emergency Physician, Bridgeport Hospital has reviewed over two years of Mr. Suggs's recent BOP medical records and describes him as a "man with serious health problems [whose] health is jeopardized in a system with relatively poor resources and apparent communication difficulties." (Def.'s

1

Exh. L. [Doc. # 156].) In March 2022, Mr. Suggs was hospitalized and found to be in the early stage of heart failure "with preserved ejection fraction." (*Id.* at 3.) Dr. Walsh opines that Mr. Suggs "has a significant risk of having a heart attack or an acute episode of heart failure in the near future …[which] can be fatal if not treated quickly" and, as a prisoner, he faces "significant barriers to obtaining quick[,] high-level cardiac care." (*Id.*)

Mr. Suggs is 60 years old and has served the last 24 years in prison. He exhausted his administrative remedies by his February 28, 2023 letter to the Warden at FCI Otisville identifying his age at the time (59) and medical conditions (obesity, hypertension and arteriosclerotic cardiovascular diseas), combined with the COVID-19 risks, as well as his prison rehabilitation, lengthy time served and short remaining time as 'extraordinary and compelling reasons' for his release. Apparently, Mr. Suggs received no response.

Mr. Suggs' medical wellbeing is further compromised by his intolerance to certain essential medications, and his resulting discontinuation of them, and the resulting risks of such interruptions to his health. (Ex. L at 4-5.) Mr. Suggs' cardiac and other medical needs requiring quick, high-level treatment responses, but a record of delayed or ineffective medical attention[1] amply corroborates Dr. Walsh's opinion and recommendation that Mr. Suggs "would be at much lower risk if he were attended to in a community health center with integrated communications and networks of consultants" (*id.* at 5), and that "moving Mr. Suggs to the community . . . could be literally life-saving." (*Id.*)

The Court previously reduced Mr. Suggs' life sentence on the basis of a confluence of factors, including his medical conditions. Those medical conditions, even in the face of a receding COVID-19 pandemic, have clearly worsened to the point that his life is in imminent danger without the needed frequent, careful attention and revaluation which the record demonstrates are not or cannot be provided to him as an inmate. The foregoing medical

---

[1] *See, e.g.*, BOP medical records, Exh. B, C, D, E, F, G H and I.

2

record analysis demonstrates persuasively the existence of "extraordinary and compelling circumstances" warranting immediate release, particularly when coupled with Mr. Suggs' attributes which the Court has previously recognized such as his "impressive rehabilitation," which he has continued to engage in after the Court's ruling in 2021. (*See* Def.'s Mot. at 2.)

The Court also finds that the Section 3553(a) factors weigh in favor of relief. No additional time in prison is necessary to accomplish the goals of sentencing, and Mr. Suggs has proposed a "Comprehensive Reentry/Treatment Plan" (Exs. X-J) which appears to be appropriate to addressing his circumstances and needs if released to the community. The Government does not object to the relief Mr. Suggs seeks.

Accordingly, Mr. Suggs' Motion for Sentence Reduction is granted, and he is ordered to be released as soon as practicable to the home of Tracy Suggs, New Haven, Connecticut. The Reentry/Treatment plan will be incorporated as a Special Condition of his Supervised Release:

1. Defendant shall secure a primary care physician.
2. Defendant shall apply for Husky D (Connecticut state insurance).
3. Defendant shall obtain mental health treatment at a program approved by the United States Probation Office.
4. Defendant shall seek employment.

Terms of Supervised Release are otherwise unchanged.

IT IS SO ORDERED.

_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of August 2023.